LEE, C.J.,
for the Court:
¶ 1. In this case, we must determine whether the trial court erred in reversing the local board of supervisors’ decision to rezone a parcel of property located in Van-cleave, Mississippi. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On January 10, 2012, Randy Wrigley submitted a request to the Jackson *1116 County Planning Department (JCPD) seeking a change in zoning from A-l, Agricultural Residential District, to A-3, Agricultural-Residential District (Smaller-Lot Development). The parcel of property contained approximately 163.28 acres and was located in Vancleave, Mississippi. The property was owned by Breland Homes LLC, and was to be converted into a subdivision.
¶ 3. After a hearing, the JCPD denied Wrigley’s request by a vote of 5-2. On a second motion to change the zoning from A-l to A-2, Agricultural-Residential (Large-Lot Development), the JCPD also denied this request, by a vote of 4-3.
¶ 4. Wrigley appealed the JCPD’s decision to the Jackson County Board of Supervisors (the Board). Wrigley’s appeal only requested that the- Board consider rezoning the property from A-l to A-2. After a hearing, the Board took the matter under advisement and ultimately voted to approve the zoning request.
¶ 5. David and Mary Ann Harris, who own property adjacent to the property at issue, filed an appeal to the Jackson County Circuit Court. Wrigley was granted leave to file an amicus curiae brief in the appeal. The trial court reversed the Board’s decision, finding that its decision was not supported by clear and convincing evidence. Wrigley filed an appeal[1] arguing that the trial court applied the wrong legal standard, and erred in reversing the Board’s decision.
STANDARD OF REVIEW
¶ 6. This Court will only set aside a zoning decision if the record clearly shows the decision “to be arbitrary, capricious, discriminatory, illegal[,] or without [a] substantial evidentiary basis.” Drews v. City of Hattiesburg, 904 So.2d 138, 140 (¶ 5) (Miss.2005). “Where the point at issue is ‘fairly debatable,’ we will not disturb the zoning authority’s action.” Id. Because the governing body’s decision carries a presumption of validity, “the burden of proof is on the party asserting its invalidity.” Id. As for questions of law, the standard of review is de novo. Consol. Pipe & Supply Co. v. Colter, 735 So.2d 958, 961 (¶ 13) (Miss.1999).
DISCUSSION
I. LEGAL STANDARD
¶ 7. Wrigley first contends the trial court applied the wrong legal standard in reviewing the Board’s decision. Wrigley argues the trial court evaluated the evidence de novo and substituted the Board’s decision with its own. However, the trial court’s order is clear that it did not reweigh the evidence but simply verified that substantial evidence did not exist to uphold-the Board’s decision to rezone the property. This issue is without merit.
II. EVIDENTIARY BASIS
¶ 8. For an applicant’s request for rezoning to be granted, he must prove by clear and convincing evidence either “(1) ... there was a mistake in the original zoning” or “(2) the character of the neighborhood has changed to such an extent as to justify rezoning and that public need exists for rezoning.” Bridge v. Mayor & Bd. of Aldermen of Oxford, 995 So.2d 81, 83 (¶ 6) (Miss.2008) (citations omitted). “However, use of property in accordance with the original zoning plan is not a material change of conditions warranting rezoning.” Cockrell v. Panola Cnty. Bd. of *1117 Sup’rs, 950 So.2d 1086, 1092 (¶ 14) (Miss.Ct.App.2007).
¶ 9. In Town of Florence v. Sea Lands Ltd., 759 So.2d 1221, 1227 (¶ 22) (Miss.2000), the Mississippi Supreme Court explained the minimum proof that must bé provided to support a rezoning decision:
To support on appeal a reclassification of zones, the record at a minimum should contain a map showing the circumstances of the area, the changes in the, neighborhood, statistics showing a public need, and such further matters of proof so that a rational, informed judgment may be formed as to what the governing board considered. Where there is no such proof in the record we must conclude there was neither change nor public need.
(Quoting Bd. of Aldermen v. Conerly, 509 So.2d 877, 886 (Miss.1987)).
¶ 10. In this instance, Wrigley did not argue any mistake in the original zoning. Thus, to rezone the property, Wrigley must prove by clear and convincing evidence that “the character of the neighborhood has changed to such an extent as to justify rezoning and that public need exists for rezoning.” Bridge, 995 So.2d at 83 (¶ 6).
¶ 11. The Board determined that Wrigley proved by clear and convincing evidence that the character of the neighborhood changed enough to justify rezoning and that a public need existed for the rezoning. The Board stated the'following evidence “collectively demonstrates/supports the allegation of change”:
1) public water and sewer, 2) the relocation of a major transportation corridor, Highway 57 (less than 2,500 feet from the area in question), 3) the existence of commercially zoned areas less tha[n] [one-half of a mile] from the area in question, 4) an A-2 district to the north and abutting the property, 5) an increase in the development of subdivisions in the area, and 6) an increase in the construction of new homes in the area over the last [fifteen] years. All of this evidence demonstrates the increasing residential nature of the area, as opposed to agricultural.
¶ 12. In regard to public need, the Board determined:
[I]t is evident that since experiencing the impacts of' Hurricane Katrina, there has been a population shift and significant development pressure north of I-10, including the area in question. Affordable housing in an area that does not experience surge is needed to accommodate the population shift that has occurred within Jackson County. While those in opposition attempted to use vacancies in apartment complexes and other types of housing to rebut the allegation of public need, the Board finds that the existence of vacancies of other types of housing failed to rebut a public need for affordable homeownership in a non-surge low density, single-family residential area to accommodate the shift in population and development pressure being experienced by the area.
¶ 13. The trial court determined that Wrigley failed to produce clear and convincing evidence that the character of the neighborhood had changed. The trial court noted that Wrigley" s evidence consisted of general statements and nothing more, far short of the clear-and-convincing burden. Upon review of the record, we find the trial court was correct. Wrigley’s evidence was based upon general statements, predictions about future need, and other vague speculations. Wrigley failed to prove a change in the neighborhood as well as any statistics showing a public need. In reality, many examples of a purported change in the area were in accor *1118 dance with the neighborhood’s original zoning plan, which is not considered a material change. See Cockrell, 950 So.2d at 1092 (¶ 14). In Cockrell, we reversed a decision to rezone property when there were only “vague references” on which the board of supervisors relied. Id. at 1094 (¶ 17). This Court noted that “there were no.previous rezonings, statistics or mapped circumstances of growing change[,] and no quantification of any increases.” Id.
¶ 14. As did the trial court, we conclude the evidence presented by Wrigley and relied upon by the Board failed to meet the clear-and-convincing burden; thus, we affirm the trial court’s decision to reverse the Board’s decision.
¶ 15. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING, P.J., ISHEE, ROBERTS, MAXWELL AND FAIR, JJ„ CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND BARNES, J.

. Wrigley's appeal was filed as a taxpayer pursuant to Mississippi Rule of Appellate Procedure 4(i). Attached to his appeal was a notice from the Board stating it did not intend to appeal the trial court’s decision.